FILED

MAR 31 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Arya Khatibi,<br><br>      Debtor.<br>_____<br>Nona Babich, aka Nona McDougal-Babich,<br><br>      Plaintiff,<br><br>v.<br><br>Arya Khatibi, aka Robin Khatibi, Abbas Khatibijah, View Construction,<br><br>      Defendant. | Case No. 14-10609-B-7<br><br><br><br><br>Adv. Proc. No. 14-1042<br><br>DC No. PK-2 |

**MEMORANDUM DECISION REGARDING MOTION TO
DISMISS THIRD AMENDED COMPLAINT**

Plaintiff, Nona Babich appeared *in propria persona*.

Patrick Kavanagh, Esq., of the Law Offices of Patrick Kavanagh, appeared on behalf of the debtor/defendant.

     Before the court is a motion, filed by debtor/defendant Arya Khatibi (the "Debtor"), to dismiss with prejudice the third amended complaint filed in this adversary proceeding based on failure to state a claim for which relief can be granted (the "Motion"). The Motion is opposed by the plaintiff, Nona Babich ("Babich"). In January 2011, Babich obtained a judgment against the Debtor, and others, from the Kern County Superior

Court in the amount of $25,000 (the "State Court Judgment"). That civil action arose from a compliant which Babich filed against Desert Oasis Mobile Estate, LLC (the "Desert Oasis"), seeking rescission of a contract, wherein Babich had purchased a mobile home, and related damages (Case No. M-1502-CL-16294; the "Civil Action"). Babich now seeks a determination from this court that her State Court Judgment against the Debtor is non-dischargeable based on allegations of negligence and fraud. For the reasons set forth below, the Motion will be granted. The third amended complaint will be dismissed without leave to amend.

For purposes of this Motion, the court must accept as true the well-pled factual allegations in the pleadings, therefore no findings of fact are necessary or appropriate. The court has also taken judicial notice of matters in the record of the main bankruptcy case that may be relevant. This ruling contains the court's conclusion of law. The court has jurisdiction over this matter under 28 U.S.C. § 1334 and 11 U.S.C. § 523[1] and General Order Nos. 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I).

**BACKGROUND.**

**The Pleadings.** The operative pleading currently before the court is the document entitled "Third Amendment for Objection to Bankruptcy Petition" filed by Babich on October 2, 2014 (Doc. No. 33; the "Complaint"). The Complaint purports to incorporate by reference the factual allegations in each prior pleading which Babich has filed in this

---

[1] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036, as enacted and promulgated *after* October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) of 2005, Pub. L. No. 109-8, 119 Stat. 23.

2

adversary proceeding. Each of those preceding "complaints" was dismissed because they did not plead a claim for relief and satisfy the pleading standards set forth in the Bankruptcy Rules.[2]

Babich has attempted to plead a claim against the Debtor for fraud in the inducement to purchase a mobile home. However, her pleadings are filed with scattered allegations which are more germane to claims for negligence, breach of contract, and violation of various California statutes.[3] The cumulative facts relevant to a fraud claim, as alleged in Babich's various pleadings and attached exhibits, may be summarized as follows:

(1) In August 2006, Babich needed a place to live and decided to purchase a mobile home. Babich initiated that transaction with a telephone call to Desert Oasis. The Debtor answered Babich's call and they verbally negotiated a purchase price of $18,000, which would include any needed repairs to the mobile home.

(2) Babich subsequently visited Desert Oasis' mobile home park, met with the Debtor, and inspected the mobile home she was going to purchase. The Debtor represented to Babich that the mobile home "was ready for someone to live in."

(3) The Debtor represented that there was nothing wrong with the mobile home and that her electric appliances would work in the mobile home.

(4) The Debtor assured Babich that he would make repairs to the mobile home if there was something wrong.

(5) After Babich moved into the mobile home, she discovered significant problems which affected the habitability of the building. They included problems with waste drainage, electrical outlet capacity, and gas line leaks.

///

---

[2]Babich's initial compliant and first amended complaint were dismissed with leave to amend on the Debtor's Motion on July 3, 2014. The second amended complaint was dismissed with leave to amend by the court *sua sponte* at a continued status conference on September 4, 2014.

[3]Babich also makes numerous references to alleged errors and deficiencies in the Debtor's bankruptcy schedules. However, those issues are only relevant to a complaint to deny the Debtor's general discharge. Babich did not timely plead an objection to the discharge.

3

    (6)    The Debtor did not immediately repair the defects and Babich vacated the mobile home approximately three months after the purchase.

    (7)    Babich filed a civil action against the Desert Oasis. She subsequently obtained a judgment against both Desert Oasis and the Debtor in the amount of $25,000.

    (8)    The Debtor led Babich to believe that she was buying the mobile home from Desert Oasis. However, during the course of the state law case, Babich learned that the actual owner of the mobile home prior to her purchase had been the Debtor.

    (9)    Babich did not immediately receive title documents for the mobile home. However, during a settlement conference in the state law case, the Debtor offered Babich a DMV pink slip for the mobile home.

**The Exhibits.** The exhibits filed in connection with the Complaint show that Desert Oasis obtained ownership of the mobile home through a judgment of abandonment, and subsequently sold the mobile home to the Debtor for $1.00 in January 2006 (Exhibit I), approximately six months before Babich purchased the mobile home. Exhibit G is an executed Ownership Certificate for the mobile home that appears to be the "pink slip" Babich was offered during the course of the state court litigation, approximately two years after the purchase. Exhibit K is a Department of Housing and Community Development Certificate of Title issued by the State of California, showing the title to the mobile home was issued to "Robin Khatobi" (aka Debtor) on July 3, 2008, also two years after Babich's purchase of the mobile home.

The exhibits also include a copy of the state court complaint against Desert Oasis. That complaint alleges three causes of action: "Rescission; for Money Had and Received; and for Damages for Fraud." That fraud claim appears to be based entirely on Babich's allegation that the Debtor did not have title to the mobile home when he sold it to Babich. The State Court Judgment was subsequently entered by default and the record does

not include any findings of facts with regard to the fraud claim.

**The Debtor's Response.** Babich's response to the Debtor's motion to dismiss the Complaint attempts to summarize her allegations: "Debtor specifically misrepresented the condition of the mobilehome [sic] and deceived [Babich] by agreeing to make necessary repairs to the mobilehome [sic]. Although Debtor did make some of the repairs[,] there were major repairs left unfinished. [Babich] relied on Debtors [sic] statements that he would make these repairs when [Babich] paid $18,000 to Desert Oasis pursuant to Debtors [sic] instructions."

**ISSUES PRESENTED.**

Whether the Complaint pleads material facts sufficient to support a "plausible" claim for relief under § 523(a)(2)(A) and, if not, whether Babich should be granted leave to amend the Complaint a fourth time.

**ANALYSIS AND CONCLUSIONS OF LAW.**

**Applicable Law.** Bankruptcy relief is afforded to the honest but unfortunate debtor. Exceptions from discharge are construed narrowly and generally represent social policy in the allocation of liability. For example, claims for injuries under certain specific conditions, such as those that result when a debtor is driving under the influence, are *per se* nondischargeabable. § 523(a)(9). However, other exceptions to discharge are limited to circumstances where the debtor possesses some moral culpability and require some level of scienter.

Section 523(a)(2)(A) excepts from discharge those debts which arise "for money, property, services, or . . . credit, to the extent obtained by—false pretenses, a false representation, or actual fraud." Under the federal pleading rules, a complaint must include "a short and plain statement of the [plaintiff's] claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) (incorporated into this adversary proceeding

by Rule 7008). If the claim is based on fraud, the plaintiff must "state with particularity the circumstances constituting fraud . . . ." Fed.R.Civ.P. 9(b) (incorporated in this adversary proceeding by Rule 7009).

To prevail on a claim for fraud under § 523(a)(2)(A), a "creditor must demonstrate, by a preponderance of the evidence," the following five factors:

(1) a misrepresentation, fraudulent omission or deceptive conduct by the debtor;

(2) the debtor's knowledge of the falsity or deceptiveness of his statement or conduct;

(3) an intent [by the debtor] to deceive;

(4) justifiable reliance by the creditor . . . . ; and,

(5) damage to the creditor proximately caused by [her] reliance on the debtor's statement or conduct.

*Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000).

**Misrepresentation.** Babich alleges essentially that the Debtor misrepresented the condition of the mobile home, and his intention to repair any defects. Given Babich's description of the mobile home and the fact that significant defects were not immediately repaired, it is plausible that, based on sufficient evidence, the court could find that the Debtor made some material misrepresentations. However, the fact of these representations is only pled in general terms. The specific nature and content of those representations, and the time of the representations in relationship to the actual purchase, is not pled with particularity.

**Justifiable Reliance.** The plaintiff's reliance must be "justifiable" depending on the circumstances of the particular case. *Field v. Mans*, 516 U.S. 59, 71 (1995). Babich contends that she relied on the Debtor's statements as to the condition of the mobile home and his promise to make

6

any necessary repairs.  At the same time, the Debtor believed that she was purchasing the mobile home from Desert Oasis and not from the Debtor. Apparently, although she had no prior dealings with either Desert Oasis or the Debtor, she did not make any independent investigation or request written assurance of the Debtor's commitment before agreeing to purchase the mobile home.  Under these circumstances, it is unclear whether the evidence would support a determination of justifiable reliance.

**Damage From the Misrepresentation and Reliance.**  Babich's claim against the Debtor is based on the State Court Judgment.  The amount of her damages has already been liquidated and fixed by the state court and need not be proved here.

**Knowledge of the Falsity and Intent to Deceive.**  The recurring defect in Babich's pleadings lies in her inability to plead facts to show, or even suggest, that the Debtor actually intended to deceive her.  Babich must also plead facts that could support a finding that the Debtor actually knew that his statements were untrue and possessed an intent to deceive Babich at the time the statements were made.  The allegations in the Complaint are insufficient to support such a finding.  The Debtor apparently acquired the mobile home from Desert Oasis for $1.00 a few months before it was sold to Babich, and somebody apparently made superficial repairs to the building, paint, carpet, etc., but there is nothing alleged in the Complaint to suggest that the Debtor made these repairs, or that he knew about "hidden" defects in the mobile home when he met with Babich and negotiated the sale.  Babich may be able to present evidence as to the Debtor's misrepresentation, her own reliance on that misrepresentation, and damages. However, nothing in the Complaint, attachments, or exhibits, would support any finding of fraudulent intent on the part of the Debtor.

///

**Dismissal with Prejudice.** Federal Rule of Civil Rule 15(a)(2), incorporated by Rule 7015, permits amendment of the Complaint only with the Debtor's consent or leave of the court. Such leave to amend "should freely" be given "when justice so requires." *Id.* However, "liberality in granting leave to amend is subject to several limitations." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1987). For example, where amendment would cause the defendant undue prejudice, would be futile, or create undue delay, leave need not be granted. This is especially true where the complaint has been previously amended.

The question here is whether Babich should be given a further opportunity to plead a claim that plausibly fits within the boundaries of § 523(a)(2)(A). The Debtor has already prepared and filed two motions to dismiss. The court has already dismissed this adversary proceeding three times, once *sua sponte*. At each hearing, the court instructed Babich of the need to seek legal representation and to plead more facts to deal with the issues raised with regard to the sufficiency of her pleading. The court is not persuaded that Babich can plead any additional facts to overcome the defects discussed in the Motion. Further amendment would prejudice the Debtor and cause undue delay. The Complaint will therefore be dismissed without leave to amend.

Dated: March  *31* , 2015

W. Richard Lee
United States Bankruptcy Judge

## Instructions to Clerk of Court
Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and __X__ Other Persons Specified Below:

Nona Babich
44505 90th Street West
Lancaster, CA 93536

Office of the U.S. Trustee
U.S. Courthouse
2500 Tulare Street, Suite 1401
Fresno, CA 93721